UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE D. FOUNTAIN, #586396,

      Plaintiff,

v.

      CASE NO. 2:21-CV-12053
      HONORABLE ARTHUR J. TARNOW

ST. MARY'S HOSPITAL SAGINAW,

      Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. In his complaint, Michigan prisoner Shane D. Fountain ("Plaintiff") contests the medical care that he received at St. Mary's Hospital in Saginaw, Michigan following a prison assault on September 10, 2021. He alleges violations of his Eighth and Fourteenth Amendment rights, as well as state law claims of assault and battery and negligence. He names the hospital as the defendant in this action and sues the hospital in its official and individual capacities seeking a declaratory judgment and monetary damages. ECF No. 1, PageID.1-4. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual

allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the complaint is subject to dismissal.

### III. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons. First, St. Mary's Hospital in Saginaw, Michigan is a private entity and likely not a "state actor" subject to

suit under § 1983. *See Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009) (hospital oncologist who treated prisoner was not a state actor because there was no contractual relationship between the doctor and the State); *Styles v. McGinnis*, 28 F. App'x 362, 364 (6th Cir. 2001) (emergency room physician who treated prisoner was not a state actor); *accord Rodriguez v. Plymouth Ambulance Svs.*, 577 F.3d 816, 827-28, 831 (7th Cir. 2009). "Private parties do not automatically become state actors simply by caring for prisoners." *Phillips v. Tangilag*, _ F.4th _, 2021 WL 4237164, *4 (6th Cir. Sept. 17, 2021) (discussing standards). Plaintiff alleges no facts which indicate that the Michigan Department of Corrections contracts with the hospital or otherwise had any influence over the care that he received at the hospital due to his prisoner status. The "mere fact that a hospital is licensed by the State is insufficient to transform it into a state actor for purposes of § 1983." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Plaintiff thus fails to allege facts showing that St. Mary's Hospital in Saginaw is a state actor subject to suit under § 1983.

Second, even assuming that St. Mary's Hospital is a state actor, Plaintiff fails to allege facts demonstrating the personal involvement of that entity in the conduct giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v.*

*Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff's suit against the hospital appears to solely be based upon a theory of respondeat superior because he only challenges the care that he received by the treating physician. Any assertion that the hospital failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff does not allege facts which show that any injury he suffered is the result of any hospital policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or regulate employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Third, Plaintiff fails to allege facts showing that the hospital (or the treating physician) acted with the requisite intent so as to state an Eighth Amendment claim. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). When a prisoner

receives some medical care but challenges the adequacy of that care, as here, a prisoner must allege facts showing that the care is "so grossly incompetent" or so grossly "inadequate" as to "shock the conscience" or "be intolerable to fundamental fairness." *Phillips*, 2021 WL 4237164 at *5 (citing *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). Plaintiff alleges no such facts. Rather, he admits that the treating physician cleaned his lacerations, removed a small piece of fence from one of them, and stitched him up after examining him, but complains that the treating physician did not examine his neck or take an X-ray or MRI even though he complained of neck pain. Plaintiff does not indicate what injury, if any, he continues to suffer. ECF No. 1, PageID.3.

While Plaintiff may disagree with the testing and/or treatment provided, he does not allege facts which show that the hospital (or treating physician) acted unconstitutionally. *See Jennings v. Al–Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) (prisoner's own opinion that his care was substandard or that he was not given treatment he requested raises a medical malpractice claim, not constitutionally defective medical care). Decisions about whether to order additional diagnostic tests or treatment are classic examples of the exercise of medical judgment and do not constitute cruel and unusual punishment. *Estelle,* 429 U.S. at 107. Plaintiff's allegations do not indicate that the hospital (or treating physician) acted with deliberate indifference or provided care that was so grossly incompetent or inadequate as to shock the conscience or be intolerable to

fundamental fairness. At best, his allegations amount to a claim of malpractice or negligence. Medical malpractice, however, does not violate the Eighth Amendment, *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983."), and allegations of negligence are insufficient to state a claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994).

Fourth, to the extent that Plaintiff complains of excessive use of force or confinement in segregation, he fails to provide any details for those claims, fails to allege supporting facts, and fails to indicate how the hospital is liable for any such conduct. Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings and his complaint must be dismissed.

Lastly, the Court notes that any allegations of medical malpractice, negligence, or

assault and battery, while perhaps actionable under Michigan law, do not provide a basis for relief under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States."). Section 1983 does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Consequently, any state law claims are dismissed without prejudice to those claims being brought in state court. The Court declines to exercise pendant jurisdiction over any state law claims.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court dismisses with prejudice the civil rights complaint. The Court further concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

  s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2021